## Ballard v. Security State Bank.

(Decided April 19, 1927.)

### Appeal from Whitley Circuit Court.

1. Fraudulent Conveyances.—Husband releasing his wife from her obligation to support their children and assuming such obligation himself, as well as paying her $500.00, paid a valuable consideration for reconveyance to him of realty theretofore conveyed by him to her in settlement of property rights.

2. Frauds, Statute of.—To be sufficient under the statute, writing must so describe land as to identify it.

3. Husband and Wife.—Bank had no lien on land under wife's mortgage note or contract not signed by husband, in view of Ky. Stats., section 2128.

4. Attachment.—Bank suing out attachment long after recording of valid deed to attachment debtor's husband had no lien on land or right to subject it to satisfaction of wife's note.

5. Fraudulent Conveyances.—Deed to husband from grantees of himself and wife held not void as fraudulently made to defeat wife's debt to bank, where husband paid her enough to pay such debt and was not chargeable with complicity in intent to defraud bank.

R. L. POPE and M. A. GRAY for apppellant.

STEPHENS & STEELY for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

On June 9, 1920, T. N. Ballard by deed conveyed to his wife, Ethel Ballard, certain real estate in Corbin, owned by him, in consideration of the settlement of the property rights of the parties, she having sued him for divorce and for an allowance for the support of herself and five children. On October 25, 1920, the wife, Ethel Ballard, executed to the Security State Bank of Corbin the following instrument:

"$500.00                "Corbin, Ky., Oct. 25, 1920.

"One month after date I promise to pay to the order of the Security State Bank of Corbin $500.00. Negotiable and payable at the Security State Bank, Corbin, Ky., value received, with interest at the rate of —— per centum per annum after maturity until paid. This note is secured by mortgage on real

estate of even date herewith, which is duly recorded in Mortgage Book No. ——, page ——, —— county, Kentucky. Mrs. Ethel Ballard."

On November 25, 1920, Ethel Ballard and her husband, T. N. Ballard, conveyed the land he had conveyed to her to her brother, A. J. Parker, and Parker and wife on December 9, 1920, conveyed the land to T. N. Ballard. Both these deeds recited a consideration of $1.00 in hand paid. In the year 1921 Ethel Ballard was divorced from her husband, T. N. Ballard. The exact date is not given in the record, but the oral evidence to this effect is not objected to and is undisputed. On February 9, 1921, the Security State Bank brought this action against Ethel Ballard and T. N. Ballard to recover on the note for $500.00, asserting a lien upon the property by virtue of it and assailing as fraudulent the deeds made by Ethel Ballard and her husband to Parker, and by Parker to T. N. Ballard. The bank took out an attachment which was levied on the land. The allegations of the petition were controverted by answer, proof was taken, and on final hearing the court entered judgment in favor of the bank, adjudging it a lien on the property. T. N. Ballard appeals.

The proof shows that, when Mrs. Ballard went to the bank and executed the $500.00 note, she took with her the deed her husband made to her for the property, and the cashier pinned this deed to the note. But she did not execute any mortgage, and thus matters stood. In the fall she was in debt and had no means of paying certain debts, and she wanted her husband to take the five children and support them, and if he would do this and pay certain debts, and also pay her $500.00, she was willing to convey the property back to him. He agreed to this. They then consulted a lawyer. The lawyer advised them that the proper way to do what they wanted was for her and her husband to convey the land to a third person, and the third person to convey it to the husband. They agreed on her brother, A. J. Parker, and he agreed to act for them, and so the deed was made to Parker and later by Parker and wife to T. N. Ballard. Parker did not live in Corbin, and the delay in getting the second deed was possibly due to getting Mrs. Parker's acknowledgment. According to all the proof, the second deed was executed pursuant to the agreement between the

parties. T. N. Ballard, in consideration of the deed, paid his wife $500.00 in money, assumed and paid accounts against her amounting to about $1,000.00, and also assumed a $1,000.00 mortgage on the place. He took the children back and thereafter supported them. The property was then perhaps worth about $3,500.00.

T. N. Ballard paid a valuable consideration for the property, not only in the payment of the money, but in releasing his wife from her obligation to support the children and assuming that obligation himself. While there is some evidence showing that he knew that she had borrowed some money at the bank, it does not appear that he knew how much she owed the bank or that the bank claimed a lien on the land, and its claim of a lien would give it no rights unless it, in truth, had a lien.

The fact is, the bank had no lien on the land. The writing signed by Mrs. Ballard does not describe in any way the real estate, and no rule is better settled than that the writing, to be sufficient under the statute of frauds, must so describe the land as to identify it. In addition to this, Mrs. Ballard was then a married woman, and, being a married woman, she could not, under section 2128, Kentucky Statutes, make any executory contract to sell or mortgage her real estate, "unless her husband joined in such contract." T. N. Ballard did not sign the note or any contract to the bank.

The attachment which the bank took out was issued long after the deed to T. N. Ballard was recorded, and if that deed is valid the bank has no lien on the land or right to subject it. The deed is assailed by the bank as fraudulent and made to defeat its debt, but it was made for a valuable consideration, and there is nothing to charge T. N. Ballard with complicity in such intent.

The rule in such cases has been time and again stated by this court as follows:

"It would be a most literal, rigorous and unwarrantable construction of the statute against fraudulent conveyances, to make fair and bona fide purchasers the victims of an undivulged or unascertained fraudulent intention on the part of their vendors. Where a fair equivalent is received by a debtor for the sale and transfer of his property, he is not disabling himself thereby from the payment of his debts, and in legal estimation no prejudice can

thence ensue to his creditors. The protection of bona fide purchasers is as much the object of the act, as the protection of creditors; and it would not be consonant with its spirit or policy, to make either the victims of an over anxiety to protect the others." Violett v. Violett, 2 Dana, 325.

"We are also of opinion that if the consideration paid was fairly adequate to the value of the interest sold and conveyed by the deed, as understood at the time, the fraudulent intent of the grantor, if it existed, would not affect the validity of the deed unless the grantee participated in that intent." Ratcliff v. Trimble, 12 B. Mon. 38.

To same effect, see Carter v. Braswell, 186 Ky. 760, 217 S. W. 1019, and Hiatt v. Bourne, 206 Ky. 287, 267 S. W. 194. No facts were shown apprising the vendee of any fraudulent intent of the vendor. In fact, the vendor could have paid the bank debt out of the money he paid her.

Judgment reversed, and cause remanded for a judgment as above indicated.